IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICKY N. ALEXANDER,

                Plaintiff,

  v.                                                      ORDER

LIEUTENANT R. RASMUSSEN                          18-cv-1063-jdp
and LIEUTENANT D. STRELOW,

                Defendants.

---

      Pro se plaintiff Ricky Alexander is a prisoner incarcerated at Wisconsin Secure Program Facility. He says that officers at his previous prison, Dodge Correctional Institution, unfairly disciplined him because he is African-American, in violation of the Equal Protection Clause of the Fourteenth Amendment. Defendants move to dismiss the case under Federal Rule of Civil Procedure 12(b)(6), contending that Alexander failed to exhaust his claims. Dkt. 16.

      Because granting the motion would require me to consider evidence from outside the pleadings, I will convert the motion to a motion for summary judgment under Rule 12(d) and give Alexander the opportunity to respond.

ANALYSIS

      Exhaustion is an affirmative defense that defendants have the burden to prove. *Turley v. Rednour*, 729 F.3d 645, 649–50 (7th Cir. 2013). On a motion to dismiss for failure to exhaust, I may dismiss the complaint if the plaintiff's failure to exhaust "is so plain from the face of the complaint that the suit can be regarded as frivolous," *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010). But the application of the defense must be both "apparent" and "unmistakable" from the complaint itself. *Walker v. Thompson*, 288 F.3d 1005, 1009–10 (7th

Cir. 2002). As with any other motion to dismiss under Rule 12(b)(6), I must accept all well-pleaded allegations of the complaint as true and view them in the light most favorable to the plaintiff. *Rednour*, 729 F.3d at 649.

Defendants contend that Alexander's failure to exhaust is unmistakable because under the regulations in effect at the time inmates were required to file grievances within 14 days of the occurrence giving rise to the grievance. Wis. Admin. Code § DOC 310.09(6) (2002). They argue that Alexander's complaint shows that he did not meet this requirement, because it alleges (1) that he filed his grievance years after the challenged conduct occurred, and (2) that his grievance was dismissed as untimely. *See* Dkt. 1, at 1, 4. But Alexander's failure to exhaust is not unmistakable. The complaint also says that Alexander requested review of the dismissal, which was denied, and that he appealed the dismissal. *Id.* at 4. Alexander does not explain why the complaint examiners denied review of his dismissal or denied his appeal. So drawing all inferences in Alexander's favor, it's possible that the complaint examiners addressed the merits of Alexander's grievance on appeal, and that he therefore exhausted his administrative remedies. *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) ("Where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and defendants cannot rely on the failure to exhaust defense.").

In Alexander's brief in opposition, he attaches exhibits that show that on appeal, the examiner again concluded that the grievance was untimely and did not address the merits. Dkt. 18-2, at 9. Although this evidence suggests that Alexander failed to exhaust, it is from outside the pleadings. So rather than grant defendants' motion to dismiss, I will convert it to a motion for summary judgment and give Alexander a last opportunity to show that he has

exhausted his administrative remedies. After I consider Alexander's submission, if there is no genuine dispute that Alexander failed to exhaust his administrative remedies, I will grant summary judgment for defendants.

ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss, Dkt. 16, is converted to a motion for summary judgment under Federal Rule of Civil Procedure 12(d).

2. Alexander may have until July 8, 2019, to file a further response to defendants' motion.

Entered June 25, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge