IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICKY N. ALEXANDER,

              Plaintiff,

v.

LIEUTENANT R. RASMUSSEN
and LIEUTENANT D. STRELOW,

              Defendants.

ORDER

18-cv-1063-jdp

---

Pro se plaintiff Ricky Alexander, a state prisoner incarcerated at Wisconsin Secure Program Facility, filed this lawsuit against officials at his prior prison, Dodge Correctional Institution (DCI). Dkt. 1. Alexander is African-American, and while at DCI he got into a fight with a white inmate. Alexander alleges that although both inmates were at fault, only he was disciplined. He asserts claims for violation of the Equal Protection Clause of the Fourteenth Amendment.

Defendants previously moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(6), contending that Alexander failed to exhaust his claims. Dkt. 16. Because granting the motion would have required me to consider evidence from outside the pleadings, I converted the motion to a motion for summary judgment under Rule 12(d) and gave Alexander the opportunity to respond. Dkt. 21. Alexander has now submitted a response, Dkt. 24, as have defendants, Dkt. 25. Because the record shows that Alexander failed to timely exhaust his claim, I will grant the motion for summary judgment and dismiss the case.

ANALYSIS

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and applies to all inmate suits. *Woodford v. Ngo*, 548 U.S. 81 (2006); *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Section 1997e(a) requires "proper exhaustion," *Woodford*, 548 U.S. at 93; *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which means that the prisoner must follow prison rules when filing the initial grievance and all necessary appeals, "in the place, and at the time, the prison's administrative rules require." *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). Under the DOC regulations that were in place at the time, Alexander was required to file a grievance within 14 days of the occurrence giving rise to the grievance. Wis. Admin. Code § DOC 310.09(6) (2002).

In my previous orders, I noted that Alexander had likely failed to exhaust his claim because he did not file a grievance until years after the challenged conduct occurred, and because he said that his grievance was dismissed as untimely. Dkt. 8 and Dkt. 21, at 4. But I did not grant defendants' motion to dismiss because it was possible, based on the pleadings, that a complaint examiner had addressed the merits of his grievance on appeal. *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) ("Where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and defendants cannot rely on the failure to exhaust defense."). I gave Alexander a chance to respond to my order and show whether this was the case.

2

Now, with the entire record before the court, it's clear that complaint examiners at every level of review denied Alexander's grievance as untimely. Dkt. 26-2. Alexander nonetheless contends that his grievances were timely because they complained of an ongoing violation. *See e.g., Wilder v. Sutton*, 310 F. App'x 10, 15 (7th Cir. 2009) (prisoner exhausted his claim when prison rejected as untimely his complaint of ongoing First Amendment and RLUIPA violations). Alexander says that when he was disciplined for fighting, he was ordered to pay restitution to the other inmate. He argues that because he is still required to make restitution payments, he continues to suffer an ongoing denial of his right to equal protection under the Fourteenth Amendment. But the constitutional violation, if any, occurred when defendants charged Alexander with misconduct and disciplined him for fighting. The restitution payments are merely a consequence of the alleged constitutional violation, not a continuation of the violation. *Cf. Savory v. Lyons*, 469 F.3d 667, 672–73 (7th Cir. 2006) (for claims barred by statute of limitations, continuing violation doctrine does not apply to a "discrete act" that has "lingering consequences"). Because the alleged conduct occurred years before Alexander filed his grievance, he failed to timely exhaust his claim. So I will grant summary judgment for Alexander's failure to properly exhaust administrative remedies and dismiss without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("[A]ll dismissals under § 1997e(a) should be without prejudice.").

Although I am dismissing the claim without prejudice, it is unlikely that Alexander will be able to exhaust his claim in the future. Merely filing additional grievances will not be sufficient to exhaust his claim. If Alexander attempts to bring this suit again, he will need to show that prison officials did not reject his grievance as untimely.

Defendants say that Alexander's claim was doomed from the start, and they ask me to

declare that Alexander's case was frivolous. Essentially, defendants are asking me to assess a "strike" against Alexander under 28 U.S.C. § 1915(g) for failure to exhaust his claims. Alexander's case was flawed from the start, but there is no affirmative evidence that Alexander's actions were malicious. Ultimately, his claims fail because he did not timely exhaust them, but the dismissal of an action for failure to exhaust does not result in a strike. *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010).

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment, Dkt. 16, is GRANTED, and the case is DISMISSED without prejudice for plaintiff Ricky Alexander's failure to exhaust his administrative remedies before filing his complaint.

2. The clerk of court is directed to enter judgment for defendants and close the case.

Entered August 9, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge