IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICKY N. ALEXANDER,

                Plaintiff,

v.                                                      ORDER

LIEUTENANT R. RASMUSSEN                  18-cv-1063-jdp
and LIEUTENANT D. STRELOW,

                Defendants.

---

Pro se plaintiff Ricky Alexander, a prisoner incarcerated at Wisconsin Secure Program Facility, filed this lawsuit against two officials at his prior prison, Dodge Correctional Institution. Dkt. 1. Alexander, who is black, had been in a fight with a white inmate at Dodge. He alleged that defendants punished him but didn't punish the white inmate. I allowed him to proceed on claims under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Dkt. 8. Defendants then moved to dismiss this case under Federal Rule of Civil Procedure 12(b)(6) on the grounds that Alexander had failed to administratively exhaust his claims before filing his lawsuit. Dkt. 16. I converted defendants' motion to a motion for summary judgment because it would require me to consider evidence from outside the pleadings, and I gave Alexander the opportunity to respond. Dkt. 21. After both parties submitted briefs and evidence, I granted summary judgment to defendants because Alexander had not exhausted his claims. Dkt. 28.

Alexander now asks me to reconsider my decision under Federal Rule of Civil Procedure 59(e). Dkt. 30. The purpose of a motion for reconsideration is "to direct a court's attention to matters such as newly discovered evidence or a manifest error of law or fact." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Alexander

raises new arguments in his motion, contending that the grievance handbook given to inmates does not tell them how to request a good-cause exception for an untimely grievance and that it would have been impossible for him to file his grievance in a timely fashion because defendants concealed their actions. He also attaches an affidavit to his reply brief containing factual allegations regarding the grievances he filed, but he does not say that it contains any newly discovered evidence. Dkt. 34.

In a motion for reconsideration, I cannot consider arguments that Alexander could have raised or evidence that he could have submitted in response to defendants' motion for summary judgment. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). Because Alexander identifies no errors in my prior analysis and because he relies on no newly discovered evidence, I will deny Alexander's motion for reconsideration.

ORDER

IT IS ORDERED that plaintiff Ricky N. Alexander's motion for reconsideration, Dkt. 30, is DENIED.

Entered January 7, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge